IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LYNETTE BARTON                                          PLAINTIFF

       v.                        CIVIL NO. 12-2079

CAROLYN W. COLVIN,                                      DEFENDANT
Commissioner
Social Security Administration

### <u>ORDER ON MOTION FOR ATTORNEY'S FEES</u>

Plaintiff, Lynette Barton, appealed the Commissioner's denial of benefits to this court. ECF No. 1. On August 8, 2013, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 15. Plaintiff now moves for a total of $4,122.40 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 22.60 attorney hours in 2012 and 2013 at a rate of $174.00 and 3.80 paralegal hours at a rate of $50.00. ECF No. 17 at 2-3. Defendant does not object to the attorney hourly rate requested for 2012 and 2013, nor does Defendant object to the requested paralegal hours. ECF No. 18 at 2. Although not expressly requested, the Commissioner mentions that EAJA is payable to Plaintiff and not to counsel. ECF No. 18 at 2.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, the undersigned finds Plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the

Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

### 1. Attorney Hourly Rate

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F. Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433

(1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F. Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996,* passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and

remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index ("CPI").

In this instance, counsel requests attorney's fees at an hourly rate of $174.00 for work performed in 2012-2013. ECF No. 17 at 2-3. Counsel stated that the Commissioner has stipulated that $174 is the stipulated amount for certain annual hourly rates for the purposes of calculating the payment of EAJA attorney fee awards in Arkansas. ECF No. 17 at 3. Defendant does not object to this rate, and the court finds it to be reasonable. ECF No. 18 at 2. Accordingly, the undersigned finds that counsel is entitled to an hourly rate of $174.00.

### 2. **Paralegal Hourly Rate**

Counsel requests 3.80 paralegal hours at a rate of $50.00. ECF No. 16, Ex. 2. The Commissioner makes no objection to the rate or time requested. ECF No. 18 at 2. Accordingly, the undersigned finds the requested hours and rate reasonable and finds counsel is entitled to 3.80 paralegal hours at a rate of $50.00, for a total of $190.00.

### 3. **Fees Payable Directly to Plaintiff's Attorney**

Counsel does not expressly request fees be paid directly to him rather than to Plaintiff. ECF No. 16. However, the Commissioner notes the Supreme Court held an EAJA fee award is payable to the prevailing litigant, not the attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524, 2527-2528 (2010). The Commissioner also notes that as a matter of practice the EAJA award can be made payable to Plaintiff, but properly mailed to Plaintiff's counsel. ECF No. 18 at 2.

According to the A-A Act, an assignment may be made "only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31. U.S.C. § 3727(b).  Additionally, the assignment shall specify the warrant, must be made freely, and must be attested to by two witnesses.  *Id.*  The court finds that these requirements have not been met since the EAJA order has not yet been issued.  Furthermore, the undersigned feels that the task of determining whether outstanding debts exist is best left to the government.  Accordingly, pursuant to *Ratliff*, the EAJA award should be made payable to Plaintiff.  *Ratliff*, 130 S.Ct. at 2528.  And, in keeping with the common practice of this court, the court directs the EAJA award be mailed to Plaintiff's counsel.

Based on the above, the court awards Plaintiff's attorney fees under EAJA for 22.60 attorney hours in 2012 and 2013 at the rate of $174.00 per hour, in addition to 3.80 paralegal hours at a rate of $50.00, for a total attorney's fee award of $4,122.40.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.  Further, this award should be made payable directly to Plaintiff, but properly mailed to Plaintiff's attorney.  The parties are reminded that the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 12th day of December 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-5-